IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD TAYLOR, | No. CIV S-07-2728-GEB-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| M. CRITELLI, | |
| Defendant. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to compel further responses to his interrogatories (Doc. 15). Defendant has filed an opposition to the motion (Doc. 16).

Generally, discovery may be obtained "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . ." Fed. R. Civ. P. 26(b)(1). A motion to compel may be brought where the answers provided in response to a discovery request are evasive or incomplete. See Fed. R. Civ. Proc. 37(a)(3)(B), (4).

Here, plaintiff states that the defendant has "failed to answer the . . . interrogatories by using very skillfull [sic] and deliberate unwarranted evasive objections that are clearly designed to hinder the efforts of the plaintiff to secure a truthful testimony from

defendant." (Motion at 1). Specifically, plaintiff claims that the defendant failed to answer three questions he propounded in his interrogatories. In his motion, plaintiff sets forth the three questions he asked, and the objections the defendant raised in response. He then claims that the objections were not warranted, and the defendant should not have raised the objections. He then sets forth the answer defendant provided to two of the three questions asked, but fails to argue that the answers were insufficient.

In opposition, the defendant attaches a copy of his response to plaintiff's interrogatories. As plaintiff indicated, defendant sets forth his objections to the questions plaintiff was asking. However, after stating his objections, and without waiving the objections he raises, defendant answered plaintiff's interrogatories.

The questions at issue in the motion to compel are plaintiff's interrogatories numbered 3, 4, and 5. The questions and responses, as defendant provided, are set forth below.

<u>Interrogatory No. 3</u>: If you can answer the above paragraph what step's [sic] did you take to retrieve the plaintiff legal work from inmate Hackett.
<u>Response to Interrogatory No. 3</u>: Responding party objects to this interrogatory on the grounds it is vague as to the meaning of "paragraph," lacks foundation, and calls for information protected from disclosures under section 3321 and 3370 of Title 15 of the California Code of Regulations. Without waiving these objections and assuming this interrogatory refers to No. 2, above, responding party called Investigative Services Unit (ISU) and spoke to Officer Borsh or Officer Hopper, who informed responding party that Hackett's property could not be accessed at that time due to Hackett's death.

<u>Interrogatory No. 4</u>: Did you tell plaintiff that you would call the wing that inmate Hackett [sic] to retrieve plaintiff legal paperwork.
<u>Response to Interrogatory No. 4</u>: Responding party objects to this interrogatory on the grounds it is vague as to the meaning of "wing," is overbroad in time, and lacks foundation. Without waiving these objections, no.

<u>Interrogatory No. 5</u>: Defendant are you aware of the Department of Correction title 15 section 3163 "assisting other inmate with their [sic] legal work."
<u>Response to Interrogatory No. 5</u>: Assuming Plaintiff is referring to section 3163 of Title 15 of the California Code of Regulations, yes.

Plaintiff does not articulate any way in which these responses are inadequate, and appears to take issue only with the objections defendant raised. Defendant objected to questions 3 and 4, but without waiving the objections, answered the questions in full. In response to question 3, defendant sets out what steps he took in attempt to retrieve plaintiff's legal work, which included calling ISU. In response to question 4, which was a yes/no question, defendant responded "no." Similarly, in response to question 5, which was also a yes/no question, defendant responded "yes." The objections defendant raised in response to questions 3 and 4 were not improper. Defendant had a right to object to the questions in order to preserve any such objection prior to responding. The court finds the use of the objections were not improper.

Plaintiff does not set forth any reason for this court to require further responses to his interrogatories. The answers provided by defendant are responsive to his questions, and appear to the court to be adequate and not evasive or incomplete.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (Doc. 15) is denied.

DATED: March 25, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE